**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-CV-26513-MOORE/Elfenbein

**STRIKE 3 HOLDINGS, LLC**,

Plaintiff,

v.

**JOHN DOE**,

Defendant.
_______________________________/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(f) CONFERENCE**

**THIS CAUSE** is before the Court on Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") Motion for Leave to Serve a Third-Party Subpoena Prior to Rule 26(f) Conference (the "Motion"). *See* ECF No. [7]. In the Motion, Plaintiff asks the Court to grant it "leave to serve a third-party subpoena on AT&T Internet" before the required Rule 26(f) conference so that it can effectuate service on Defendant John Doe ("Defendant"). *Id.* at 1. The Honorable K. Michael Moore referred this case to the undersigned "to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters." ECF No. [6]. For the reasons explained below, the Motion, **ECF No. [7]**, is **GRANTED**.

## I. BACKGROUND

Plaintiff "is the owner of original, award winning motion pictures featured on its brand's subscription-based adult websites." ECF No. [7] at 2. According to Plaintiff, "users on the Internet . . . illegally infringe its works on a very large scale." *Id.* Plaintiff alleges Defendant is one of those infringers. *See* ECF No. [1]; ECF No. [7] at 2. Plaintiff filed this lawsuit alleging copyright infringement against Defendant on September 21, 2026. *See* generally ECF No. [1]. Plaintiff

alleges that Defendant used the BitTorrent protocol to copy and distribute Plaintiff's copyrighted works without authorization. *See* ECF No. [7] at 6–7. Plaintiff asserts that it used its proprietary forensic software, VXN Scan and the Cross Reference Tool, to monitor and detect the alleged infringement and that the software recorded Defendant's IP address, 75.24.220.120, distributing Plaintiff's copyrighted motion pictures. *See* ECF No. [7] at 2. Defendant is presently known only by that IP address. *See* ECF No. [1] at 1; ECF No. [7] at 2.

According to Plaintiff, Defendant's Internet Service Provider ("ISP"), AT&T Internet, assigned that IP address and is "the only party with the information necessary to identify Defendant by correlating the IP address with John Doe's identity." ECF No. [7] at 2. Plaintiff therefore filed the Motion asking the Court for "leave to serve limited, immediate" discovery on AT&T Internet in the form of a Federal Rule of Civil Procedure 45 subpoena so that "Plaintiff may learn Defendant's identity, investigate Defendant's role in the infringement, and effectuate service." *Id.* Plaintiff further represents that it will use the information obtained from the ISP only "to prosecute the claims made in its Complaint." *Id.* Without this information, Plaintiff asserts that it "cannot serve Defendant nor pursue this lawsuit and protect its copyrights." *Id.*

## II. LEGAL STANDARD

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). But "[c]ontrol over the course of discovery and scheduling is committed to the 'broad discretion' of the court." *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1269 (11th Cir. 2001)). And "[p]ursuant to Rule 26(d) and (f), federal courts in their discretion may allow parties to conduct

expedited discovery in advance of a Rule 26(f) conference where good cause for such discovery is shown." *Id.* (quotation marks omitted).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (citation omitted). In cases where a plaintiff alleges copyright infringement though illegal downloads, some courts in this District have evaluated "five factors" they deemed "relevant to determining whether good cause exists for permission to serve" a Rule 45 subpoena on a third-party ISP to access the identity of an unknown defendant's IP address." *See Malibu Media, LLC v. Doe*, No. 14-CV-61955, 2014 WL 12605556, at *1 (S.D. Fla. Nov. 17, 2014). Those factors are: (1) whether the plaintiff "has made out a prima facie claim of copyright infringement"; (2) "the specificity of the discovery requested"; (3) "the absence of alternative means to obtain subpoenaed information"; (4) the "necessity for the subpoenaed information"; and (5) the defendant's "expectation of privacy." *See id.*

Regardless of the evaluation method they use, courts in this District "routinely find good cause to serve a third-party subpoena on an ISP so that a plaintiff may discover the identity of a John Doe defendant that allegedly infringed on the plaintiff's copyright through activity on the Internet." *See, e.g.*, *Plastic Movie Ltd. v. Doe*, No. 15-CV-60692, 2015 WL 12843767, at *1 (S.D. Fla. Apr. 13, 2015). That is because a "case against a single defendant cannot proceed if that defendant is unidentified." *See id.* Even so, courts have also found "good cause to institute procedural safeguards to protect the identity of the John Doe Defendant in the event that he or she is not the person who committed the infringing acts that are associated with the IP address," as there are "abuses often arising in this context." *See id.* Sometimes a plaintiff's "broad request does not sufficiently protect against the likelihood that an innocent defendant may be publicly

identified by having his or her identity associated with allegations of illegal downloading of films." *See Malibu Media, LLC v. Doe*, No. 13-CV-857-T-35TGW, 2013 WL 1620366, at *1 (M.D. Fla. Apr. 15, 2013). Courts have recognized that "there are concerns related to Defendant's privacy, given the nature of the copyrighted material at issue and the risk of a false identification by Defendant's ISP." *See Strike 3 Holdings, LLC v. Doe*, No. 23-CV-81583-RLR, 2024 WL 1299101, at *1 (S.D. Fla. Jan. 18, 2024).

## III. DISCUSSION

In the Motion, Plaintiff argues that good cause exists because it has made a *prima facie* claim for copyright infringement; its proposed subpoena is limited and seeks only concrete and narrow information — the name and address of the subscriber associated with Defendant's IP address; there is no alternative means by which Plaintiff can identify Defendant without the requested subpoena; the subpoenaed information is necessary to advance Plaintiff's infringement claim; Plaintiff cannot properly serve Defendant without first ascertaining the subscriber's identity from the ISP; and Defendant has no reasonable expectation of privacy in his or her IP address. *See* ECF No. [7] at 6–11. Plaintiff also "respectfully encourages the Court to establish procedural protections" it deems appropriate, including protections permitting Defendant to proceed pseudonymously. *See id.* at 11.

The Court agrees with Plaintiff that there is good cause to allow the expedited Rule 45 subpoena to AT&T Internet. *See Strike 3 Holdings, LLC v. Doe*, No. 22-CV-62152, 2022 WL 17741504, at *1 (S.D. Fla. Dec. 9, 2022). As Plaintiff explains, it used "its proprietary forensic software" to record Defendant's IP address allegedly distributing Plaintiff's copyrighted motion pictures. *See* ECF No. [7] at 2. Because Defendant's ISP assigned this IP address to Defendant, AT&T Internet is "the only party with the information necessary to identify Defendant by

correlating the IP address with John Doe's identity." *Id.* Plaintiff seeks only the name and address of the subscriber associated with Defendant's IP address, so the information sought in the requested subpoena is limited, concrete, and narrow.

Moreover, the information sought is necessary for this litigation to proceed. Without Defendant's identity and address, Plaintiff cannot effectuate service, and Plaintiff has identified no alternative source through which it could obtain that information. *See Malibu Media, LLC v. Doe*, No. 13-CV-21579, 2013 WL 2950593, at *1 (S.D. Fla. June 14, 2013) (finding good cause because a Rule 45 subpoena to the defendant's ISP was the only means by which the plaintiff could identify the John Doe defendant and proceed with the case). Plaintiff also represents that ISP records containing the requested identifying information may be retained for only a limited period of time, further supporting the need for expedited discovery. *See* ECF No. [7] at 2 n.1.

The Court therefore finds that Plaintiff's need for the requested discovery outweighs any prejudice resulting from the limited subpoena. *See TracFone*, 330 F.R.D. at 615. The requested discovery is confined to information necessary to identify and serve Defendant, and Plaintiff represents that the information obtained will be used only "to prosecute the claims made in its Complaint." ECF No. [7] at 2. Accordingly, the Court finds good cause to permit Plaintiff to issue a third-party subpoena before the Rule 26(f) conference.

## IV. CONCLUSION

For the reasons explained above, the Motion, **ECF No. [7]**, is **GRANTED**. It is hereby **ORDERED and ADJUDGED:**

1. Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name and address of the Defendant to whom the ISP assigned an IP address, as set forth in Exhibit A to the Complaint. *See* ECF No. [1-2].

2. Plaintiff must attach to any subpoena copies of:

   a. the Complaint, ECF No. [1];

   b. the Complaint's attachments, ECF No. [1-1]; ECF No. [1-2]; and

   c. this Order.

3. If the ISP qualifies as a "cable operator" under 47 U.S.C. § 522(5)[1], it must comply with 47 U.S.C. § 551(c)(2)(B)[2] by sending a copy of this Order to Defendant.

4. Plaintiff may use any information disclosed in response to a Rule 45 subpoena served on the ISP only for the limited purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

5. While the Court does not institute any procedural safeguards to protect the identity of Defendant at this stage, Defendant may move the Court for any such protections once Plaintiff serves him or her.

**DONE and ORDERED** in Chambers in Miami, Florida on October 6, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

---

[1] The "term 'cable operator' means any person or group of persons" who "provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system" or "otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5)(A)–(B).

[2] "A cable operator may disclose such [personal identifying] information if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).